UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                               )
MARCO FLORES,                          )
                                               )
       Plaintiff,                   )
                                               )
v.                                                 )        JURY DEMANDED
                                               )        CIVIL ACTION No. 1:13-cv-10069
ASHMONT GRILL, LLC d/b/a ASHMONT     )
GRILL, TRINITY ASHMONT RESTAURANT )
LLC d/b/a TAVOLO RESTAURANT, and    )
D. CHRIS DOUGLASS, individually.        )
                                               )
                                               )
       Defendants.               )
_____

## COMPLAINT

### Introduction

1. Plaintiff Marco Flores ("Flores"), through his attorneys, brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") against Ashmont Grill, LLC d/b/a Ashmont Grill ("Ashmont Grill"), Trinity Ashmont Restaurant LLC d/b/a Tavolo Restaurant ("Tavolo") and D. Chris Douglass ("Douglass") (collectively referred to herein as "Defendants") for Defendants' willful failure to pay Flores overtime wages in violation of 29 U.S.C. § 207(a) (referred to herein as "§ 207(a)").

2. Defendants' failure to pay overtime wages was part of a scheme to avoid the overtime requirements of § 207(a). Defendant Douglass is, on information and belief, an owner of both Defendant Ashmont Grill and Defendant Tavolo (collectively referred to herein as the "Defendant Restaurants") and, according to corporate documents on file with the Massachusetts Secretary of State, is the sole Manager of each LLC.

3.     The Defendant Restaurants engage in related activities that serve a common business purpose and are operated under common control.

4.     Flores was employed by the Defendants during the period beginning on or about February 7, 2011 and ending on or about May 9, 2012.

5.     During this time period, Flores performed services for the benefit of the Defendants jointly and Flores' services were shared by the Defendants.

6.     During this time period, Flores worked, on average, approximately 68 hour per week but received no overtime pay.

7.     Flores seeks damages in an amount to be determined at trial, as well as other relief as appropriate for the conduct complained of herein.

## Jurisdiction and Venue

8.     This Court has jurisdiction to hear this count pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 207 and 216(b).

9.     Defendants have their principal place of business in this district and are therefore subject to personal jurisdiction here.

10.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

## Parties

11.    Flores is a resident of Hyattsville, Maryland.  Flores worked for Defendants in this district beginning on or about February 7, 2011 and ending on or about May 9, 2012.

12.    During the course of his employment with Defendants, Flores was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq.*

13.    Defendant Ashmont Grill is a limited liability company organized under the laws

of the Commonwealth of Massachusetts with its principal place of business located at 555 Talbot Avenue, Dorchester, Massachusetts.

14. Defendant Tovolo is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 1918 Dorchester Avenue, Dorchester, Massachusetts.

15. On information and belief, Defendant Douglass resides within this district and, according to corporate documents on file with the Massachusetts Secretary of State, is the sole Manager of Ashmont Grill, LLC and Trinity Ashmont Restaurant LLC.

16. Defendants regularly transacted business in this district at all times relevant hereto.

17. At all times relevant hereto, Defendants were Flores' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. During the course of his employment by the Defendants, Flores handled goods, including but not limited to perishable food products, that moved in interstate commerce.

19. The Defendant Restaurants are Massachusetts limited liability companies doing business as restaurants and are "enterprise[s]" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that the Defendant Restaurants' employees are engaged in interstate commerce and the Defendant Restaurants' combined annual gross volume of sales made or business done exceed $500,000 exclusive of excise taxes.

20. Accordingly, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA.

**Factual Allegations**

21.     Flores was employed by the Defendants, performing the job of cleaner and dishwasher. Flores earned an hourly wage of $11.00 per hour for this work.

22.     Prior to February 2011, Flores worked for Defendants only at the Ashmont Grill restaurant location.

23.     Starting in or about February 2011, Flores began working for Defendants at the Tavolo restaurant location as well, performing the same work he performed at the Ashmont Grill restaurant location.

24.     Flores' worked approximately 68 hours per week for Defendants at both restaurant locations.

25.     Defendant Ashmont Grill and Defendant Tavolo are located less than a quarter mile from one another in Dorchester, Massachusetts.

26.     Flores regularly worked at both restaurant locations on the same day.

27.     Flores' schedule was coordinated so that he could work one shift at one restaurant location then walk to work a second shift at the other restaurant location.

28.     The Defendants regularly shared Flores' services.

29.     The Defendants regularly shared control over Flores' services.

30.     Flores performed services for the benefit of the Defendants jointly.

31.     Defendant Ashmont Grill and Defendant Tavolo regularly shared goods, including but not limited to perishable food products, that moved in interstate commerce.

32.     On the instruction of Defendant Douglass, employees of Defendant Ashmont Grill and Defendant Tavolo, including Flores, were regularly asked to, and in fact did, bring such goods from one restaurant location to the other.

33. Defendants Ashmont Grill and Defendant Tavolo engage in related activities that serve a common business purpose. Specifically, both restaurants sell liquor, beer and food and are commonly referred to as "sister" restaurants, including on their own websites, which websites link to one another.

34. On or about September 25, 2011, Defendant Douglass appeared on an episode of <u>Better Living with Liz Walker</u>. During the interview, Defendant Douglass discussed how and why he opened "two restaurants in one neighborhood" and why, after the success of Ashmont Grill, he decided "to give it a shot with another place."

35. On or about May 5, 2012, Defendant Douglass terminated Flores from his employment with Defendant Ashmont Grill. As reason therefor, Defendant Douglass stated that Flores would have to be paid overtime compensation if he continued working at both Defendant Ashmont Grill and Defendant Tavolo.

36. Flores was never paid overtime compensation for the approximately 28 overtime hours Flores worked each workweek.

37. Flores is owed approximately $9,000 in unpaid overtime wages.

## Count I

### Violation of the Fair Labor Standards Act – Overtime Wages

38. Plaintiff hereby realleges and incorporates by reference the above allegations.

39. Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks.

40. During the course of Plaintiff's employment, the Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did customarily work

in excess of forty (40) hours in individual work weeks.

41. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

42. Defendants did not compensate Plaintiff at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

43. Defendants' violations of the Fair Labor Standards Act were repeated, willful and intentional.

44. The Plaintiff has been damaged by these violations of the Fair Labor Standards Act.

45. Pursuant to 29 U.S.C. §207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorney's fees incurred by Plaintiff in bringing this action.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA and award those damages against Defendants in favor of Plaintiff, plus an additional equal amount as liquidated damages;

2. Award Plaintiffs costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses; and

3. Any other or further relief as this Honorable Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

Dated: January 11, 2013　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　MARCO FLORES
　　　　　　　　　　　　　　　　　By his Attorneys,


　　　　　　　　　　　　　　　　　 /s/ Alan D. Meyerson_____
　　　　　　　　　　　　　　　　　Alan D. Meyerson (BBO #682515)
　　　　　　　　　　　　　　　　　Law Office of Alan David Meyerson
　　　　　　　　　　　　　　　　　77 Franklin Street, Third Floor
　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　(617) 444-9525
　　　　　　　　　　　　　　　　　alan@alandavidmeyerson.com


　　　　　　　　　　　　　　　　　 /s/ David B. Summer_____
　　　　　　　　　　　　　　　　　David B. Summer (BBO #634514)
　　　　　　　　　　　　　　　　　Law Office of David B. Summer
　　　　　　　　　　　　　　　　　77 Franklin Street, Third Floor
　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　(617) 695-0050
　　　　　　　　　　　　　　　　　david@summerlaw.com


　　　　　　　　　　　　　　　　　 /s/ Thomas Smith_____
　　　　　　　　　　　　　　　　　Thomas L. Smith (BBO #673200)
　　　　　　　　　　　　　　　　　Justice At Work
　　　　　　　　　　　　　　　　　11 Arlington Street
　　　　　　　　　　　　　　　　　Boston, MA 02116
　　　　　　　　　　　　　　　　　(857) 237-0984
　　　　　　　　　　　　　　　　　tsmith@jatwork.org